**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NOEL T. WINTER and BLANCA O. WINTER,

                Plaintiffs,

V.

EXPERIAN CORPORATION, TRANS UNION CREDIT INF. CO., EQUIFAX CREDIT SERVICES, INC., LITTON LOAN SERVICING, CITIFINANCIAL, CREDIT MANAGEMENT, FINANCIAL CREDIT NETWORK, LAMONT, HANLEY & ASSOCIATES, EOS CCA, AMERICREDIT, CASH CALL, INC., CAVALRY PORTFOLIO SERVICE, FRANKLIN CREDIT MANAGEMENT, AMERICAS SERVICING COMPANY, TOYOTA FINANCIAL SERVICES, CENTRAL CREDIT SERVICES, INC., CHRYSLER FINANCIAL, FIRST PREMIER BANK, CFC DEFICIENCY RECOVERY, WELLS FARGO BANK, FLORIDA EMERGENCY PHYSICIANS KANG & ASSOCIATES, EMERGENCY PHYSICIANS OF CENTRAL FLORIDA, LLP, VASCULAR SPECIALISTS OF CENTRAL FLORIDA, INC., LOS ANGELES WATER & POWER COMPANY, BUSINESS REVENUE SYSTEMS, INC., GMAC MORTGAGE COMPANY, ALLIED INTERSTATE HEALTHCARE, ORANGE COUNTY FIRE RESCUE DEPARTMENT, VENGROFF WILLIAMS & ASSOCIATES, INC., ST CLOUD FIRE RESCUE, CREDIT PROTECTION ASSOCIATION, THE R4 GROUP, INC. and BETTY SHUMENER,

                Defendants.
_____/

Case No: 6:12-cv-518-Orl-19DAB

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Application to proceed in forma pauperis (Doc. No. 2)
>
> **FILED:** April 5, 2012
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be DISMISSED**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004). Upon review, this Complaint does not meet this

standard.

The Complaint is only signed by one Plaintiff. Absent the signature of Blanca Winter or an appearance of an attorney on her behalf, there is no cause of action pled for her. Further, the remaining *pro se* Plaintiff cannot sue the dozens of Defendants in one lawsuit. Pursuant to Federal Rule of Civil Procedure 20, which allows permissive joinder of claims, a plaintiff may join claims against defendants if the claims "aris[e] out of the same transaction, occurrences, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." FED. R. CIV. P. 20(a)[1]. A party seeking joinder under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County,* 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Although the preconditions for permissive joinder are construed generously to permit the broadest scope of action commensurate with traditional notions of justice and fair play, the court possesses equally broad discretion to sever parties based on misjoinder. *See Alexander,* 207 F.3d at 1323. Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other orders as will prevent delay or prejudice. *Id.*

The determination of whether the situation constitutes the same transaction or occurrence for purposes of Rule 20 is determined on a case by case basis. *Mosley v. General Motors Corp.*,

---

[1] Federal Rule of Civil Procedure 20(a)(2) states in pertinent part: Persons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and (B) any question of law or fact common to all defendants will arise in the action. Fed.R.Civ.P. 20(a)(2)(A) & (B).

497 F.2d 1330, 1333 (8th Cir. 1974). The transactional test requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series of such. "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule." *Id.* at 1333. Courts look at each case individually to determine whether the claims are logically related, thereby allowing "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE 2D § 1653.

Here, the Complaint fails to provide sufficient allegations to support a conclusion that the parties and claims are reasonably related or properly joined. In fact, the allegations complain of a variety of alleged wrongs which are clearly unrelated to each other. Plaintiff should not be permitted to pursue such an array of unrelated claims in a single action. The asserted claims by Noel Winter against all but the first named Defendant, Experian Corporation should be severed and dismissed without prejudice to Plaintiff filing individual actions against those Defendants he wishes to pursue. With respect to any such defendant, Plaintiff must allege facts that would establish this Court's jurisdiction over the defendant and showing an entitlement to relief.

All claims as to Blanca Winter should be dismissed without prejudice inasmuch as she has not signed the Complaint.

As to the first named Defendant, Noel Winter alleges only that Experian reported the fact of his 2004 bankruptcy. Plaintiff has not shown how this apparently accurate report violates the statute. As such, the Complaint is frivolous, within the meaning of the statute, and the motion to

proceed *in forma pauperis* should be **denied** and the Complaint **dismissed, without prejudice** to his filing an amended complaint as to Experian (if he is able to allege facts supporting a cause of action).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 11, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy